PARKER ET AL. *v.* COUNTY OF LOS ANGELES ET AL.

NO. 49.

Argued November 8, 1949.—Decided December 5, 1949.

*John T. McTernan* argued the cause for petitioners in No. 49. With him on the brief was *Lee Pressman.*

*A. L. Wirin* argued the cause for petitioner in No. 50. With him on the brief were *Fred Okrand, Edward J. Ennis, Osmond K. Fraenkel* and *Arthur Garfield Hays.*

*Gerald G. Kelly* argued the cause for respondents. With him on the brief was *Harold W. Kennedy.*

Briefs of *amici curiae* urging reversal were filed by *George Slaff* for the Los Angeles Area Council of the American Veterans Committee; *Loren Miller* for the National Lawyers Guild, Los Angeles and Hollywood Chapters; *Samuel A. Neuburger* for the Civil Rights Congress; and *Thomas R. Jones* for the Council on African Affairs, Inc.

MR. JUSTICE FRANKFURTER delivered the opinion of the Court.

In No. 49, twenty-five classified civil servants of the County of Los Angeles brought an action in the Superior Court of that County, and in No. 50, suit was brought by one such employee. The respective plaintiffs sought relief against enforcement by the County and its officials of what is colloquially known as a loyalty test, and they did so for themselves and "in a representative capacity . . . on behalf of 20,000 employees of Los Angeles County similarly situated."

The plaintiffs, petitioners here, alleged that on August 26, 1947, the Board of Supervisors of the County of Los Angeles adopted as part of its "Loyalty Check" program the requirement that all County employees execute a prescribed affidavit. It consisted of four parts, fully set forth in the Appendix. By Part A, each employee is required to support the Constitution of the United States, and the Constitution and laws of the State of California; by Part B, he forswears that since December 7, 1941, he has been a member of any organization advocating the

forcible overthrow of the Government of the United States or of the State of California or of the County of Los Angeles, that he now advocates such overthrow, or that he will in the future so advocate directly or through an organization; by Part C, he is required to list his aliases; and by Part D, he is asked to indicate whether he has ever been "a member of, or directly or indirectly supported or followed" any of an enumerated list of 145 organizations. Asserting fear of penalizing consequences from the loyalty program, and claiming that the law of California and the Constitution of the United States barred coercive measures by the County to secure obedience to the alleged affidavit requirement, petitioners brought these actions. Demurrers to the complaints were sustained by the Superior Court and its judgments were affirmed by the District Court of Appeal for the Second Appellate District. 88 Cal. App. 2d 481, 199 P. 2d 429. After the Supreme Court of California denied discretionary review we brought the case here because, on the showing then before us, serious questions seemed raised as to the scope of a State's power to safeguard its security with due regard for the liberty guaranteed by the Due Process Clause of the Fourteenth Amendment. 337 U. S. 929. In view, however, of the circumstances that became manifest after the cases came to argument, we are precluded from reaching these constitutional issues on their merits.

To begin with, the California decision under review does not tell us unambiguously what compulsion, if any, the loyalty order of August 26, 1947, carried. It is unequivocally clear that the lower court refused to decide whether an employee who discloses his so-called "subversive" activities or connections may for that reason be discharged. It is not clear, however, whether, as petitioners contend, the lower court meant to hold that the

Board of Supervisors may discharge an employee who refuses to file an affidavit.[1] This ambiguity renders so doubtful whether an issue under the United States Constitution is before us that at most we would exercise jurisdiction to obtain clarification by the State court. See *Honeyman* v. *Hanan,* 300 U. S. 14; *Minnesota* v. *National Tea Co.,* 309 U. S. 551; *State Tax Comm'n* v. *Van Cott,* 306 U. S. 511; *Herb* v. *Pitcairn,* 324 U. S. 117. But the circumstances which were called to our attention after the cases reached us leave no doubt that the issues which led us to bring them here are not ripe for constitutional adjudication. *American Wood Paper*

---

[1] Clearly enough some discharges or demotions of classified employees by the Board of Supervisors are not final. The division of authority between the Board and the County Civil Service Commission is thus formulated by the lower court:

"In case the appointing power wishes to discharge a civil service employee the reasons therefor must be given and, thereupon, if the employee so desires he is entitled to a hearing before the commission. If the commission finds that the reasons are not sufficient, the discharge is void despite anything the appointing power can do about it.

"From what has so far been said, it is self-evident that neither the board nor its agents can discharge a civil service employee for any cause that the civil service commission finds insufficient. Accordingly, if in the view of the board of supervisors, or its agents as the appointing power, a civil service employee should be discharged on the sole ground that the employee is 'subversive,' the discharge or attempt to discharge on that ground is of no effect if, on hearing, the commission holds otherwise.

. . . . .

Whether the appointing power will or will not discharge employees as claimed by the plaintiffs, for causes of the character enumerated, and whether the civil service Commission will uphold such discharges, if any, on such causes, are not matters upon which this Court may speculate or adjudicate at this time. . . ." 88 Cal. App. 2d 481, 493, 497, 199 P. 2d 429, 436, 438–39. See Los Angeles County Charter, Art. IX, § 34 (13) in Cal. Laws 1913, p. 1495, as amended, Cal. Stat. 1939, p. 3147.

*Co.* v. *Heft,* 8 Wall. 333, 131 U. S. xcii; *Commercial Cable Co.* v. *Burleson,* 250 U. S. 360.

As of July 20, 1948, nearly a year after the original loyalty order, all but 104 of the 22,000 officers and employees of the County had executed the prescribed affidavit. On that day, these noncomplying employees were advised that the Board of Supervisors had adopted an order providing (1) that unless they had executed Parts A, B and C of the affidavit by July 26 they would be discharged, and (2) that unless they had executed Part D by that time they would be discharged "if and when the loyalty test litigation now pending is finally concluded with a determination that the County was justified in requiring from its employees the information embodied in Paragraph 'D.' "[2]

This order was the first explicit announcement of sanctions by the Board in furtherance of its loyalty program. By July 26 the entire affidavit had been executed by all but 45 employees. Of these, 29 had executed only Parts A, B and C. Sixteen stood their ground against any compliance. They invoked their administrative remedy of review before the Civil Service Commission which decided against them. On June 24 of this year these sixteen discharged employees sought a writ of mandate from the Superior Court of the County of Los Angeles to review the decision of the Civil Service Commission, with a prayer for reinstatement and back pay. We are advised that this litigation is now pending in the Superior Court. The petitioners here, except one in No. 49, signed Parts A, B and C, and that petitioner is a party in the case before the Superior Court.

---

[2] The affidavit in the order of July 20, 1948, differed from the affidavit in the original order only in that Part B was elucidated to an extent not here relevant and a few organizations listed in Part D were omitted.

From this it appears that the California courts have before them for the first time since the inception of the loyalty program an order which expressly threatens sanctions. These sanctions are being challenged under State law as well as under the United States Constitution. For all we know the California courts may sustain these claims under local law.[3] The present cases are here from an intermediate State appellate court because the State Supreme Court did not deem the records before it to present issues deserving of its discretionary review. The explicit sanctions of the modified order may lead the Supreme Court of California to pass on them should the litigation now pending in the lower courts go against the contentions of these petitioners. It is relevant to note that when claims not unrelated to those now urged before us, but based on State law, have come before the Supreme Court of California that tribunal has not been insensitive to them. See *Communist Party* v. *Peek,* 20 Cal. 2d 536, 127 P. 2d 889; *James* v. *Marinship Corp.,* 25 Cal. 2d 721, 155 P. 2d 329. If their claims are recognized by the California courts, petitioners would of course have no basis for asserting denial of a Federal right. It will be time enough for the petitioners to urge denial of a Federal right after the State courts have definitively denied their claims under State law.

Due regard for our Federal system requires that this Court stay its hand until the opportunities afforded by State courts have exhausted claims of litigants under

---

[3] Article IX, § 41 of the Los Angeles Charter provides: "No person in the classified service, or seeking admission thereto, shall be appointed, reduced or removed or in any way favored or discriminated against because of his political or religious opinions or affiliations." Cal. Laws 1913, p. 1496. Article I, §§ 1, 4, 9, 10, 16, 21 of the California Constitution contains safeguards against infringement of the rights at which petitioners claim the loyalty investigation strikes.

State law. This is not what is invidiously called a technical rule. The best teaching of this Court's experience admonishes us not to entertain constitutional questions in advance of the strictest necessity. Decent respect for California and its courts demands that this Court wait until the State courts have spoken with knowledge of the events brought to light for the first time at the bar of this Court. Since the writs must be dismissed because constitutional questions which brought these cases here are not ripe for decision, all subsidiary questions fall. See *Rescue Army* v. *Municipal Court*, 331 U. S. 549, 585; *Alabama State Fed. of Labor* v. *McAdory*, 325 U. S. 450; *C. I. O.* v. *McAdory*, 325 U. S. 472.

*Dismissed.*

MR. JUSTICE DOUGLAS took no part in the consideration or disposition of these cases.

## APPENDIX.

The affidavit prescribed by the Board of Supervisors of the County of Los Angeles on August 26, 1947, as part of its "Loyalty Check" program is as follows:

### OATH AND AFFIDAVIT

Department ......................................

A. OATH OF OFFICE OR EMPLOYMENT

I, .................., do solemnly swear (or affirm) that I will support and defend the Constitution of the United States and the Constitution and laws of the State of California, against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well

and faithfully discharge the duties of the office or employment on which I am about to enter or am now engaged. So Help Me God.

## B. Affidavit re Subversive Activity

I do further swear (or affirm) that I do not advocate, nor am I now a member, nor have I been since December 7, 1941, a member of any political party or organization that advocates the overthrow of the Government of the United States, or State of California, or County of Los Angeles, by force or violence, except those specified as follows: ................. and that during such time as I am an officer or employee of the County of Los Angeles, I will not advocate nor become a member of any political party or organization that advocates the overthrow of the Government of the United States, or State of California, or County of Los Angeles by force or violence.

## C. Affidavit re Aliases

I do further swear (or affirm) that I have never used or been known by any names other than those listed as follows: ...................................

## D. Membership in Organizations

I do further swear (or affirm) that I have never been a member of, or directly or indirectly supported or followed any of the hereinafter listed organizations, except those which I indicate by an X mark.

| NAME | |
|---|---|
| Abraham Lincoln Brigade. | After School Clubs. |
| Academic and Civil Rights Council of California. | Agitprop. |
| | American Artists Congress. |

America for Americans.
American Comm. for a Free Indonesia.
American Comm. for Democracy and Intellectual Freedom.
American Comm. for Protection of the Foreign Born.
American Comm. to Save Refugees.
Americans Communications Assn.
American Communist Party.
American Council on Soviet Relations.
American Federation for Political Unity.
American Friends of the Chinese People.
American Guard.
American League Against War and Fascism.
American League for Peace and Democracy.
American League of Christian Women.
American Peace Mobilization.
American Russian Institute.
American Society for Technical Aid for Spain.
American Student Union.
American Veterans Comm.
American Writers Congress.
American Youth Congress.
American Writers School.
American Youth for Democracy.
Anti-Axis Comm.
Anti-Hearst Examiner.
Anti-Nazi League.
Anti-Nazi League of Hollywood.
Anti-ROTC Committee.
Arcos Limited.

Artist Front to Win the War.
Arts Advisory Council.
Authors League.
Ballila.
Bay Area Council Against Discrimination.
California Conference for Democratic Action.
California Labor School.
California Youth Legislature.
Centro Anti-Communists.
China Aid Council of American League for Peace and Democracy.
Citizens Committee for Better Education.
Citizens Comm. for Defense of Mexican-American Youth.
Citizens Comm. to Free Earl Browder.
Citizens Comm. to Support Labors Right.
Citizens No Foreign Wars Coalition.
Civil Rights Congress.
Civil Rights Council for Northern California.
Comintern.
Comm. for Boycott Against Japanese Aggression.
Comm. for Defense of Mexican-American Youth.
Comm. for Support of S. W. Garson.
Comm. Protesting Attacks Against the Abraham Lincoln Brigade.
Comm. to Defend America by Keeping Out of War.
Communist International.

Communist Party's Little Theatre.

Communist Workers School.

Communist Political Assn.

Conference for Democratic Action.

Consumers National Federation.

Contemporary Theatre.

Co-ordinating Commission to Lift Embargo (To Spain).

Council for Pan American Democracy.

Cultural and Professional Projects Assn.

Congress of Mexican and Spanish-Mexican Peoples of U. S.

Daily Worker.

Democratic Youth Federation.

Elizabeth Curley Flynn Club.

Elizalde Anti-Discrimination Comm.

Emergency Comm. to Aid Spain.

Emergency Trade Union Conference to Aid Spanish Democracy.

Ex Combattanti Society.

Farmer Labor Party.

Federation of Architects, Engineers, Chemists and Technicians.

Field Workers School.

First Congress of Mexican and Spanish-American Peoples of U. S.

Friends of Soviet Russia.

Friends of Soviet Union.

German-American Bund.

Greater New York Emergency Conference on Inalienable Rights.

Harry Bridges Defense Comm.

Hold the Price Line Comm.

Hollywood Anti Nazi League.

Hollywood Cultural Commission.

Hollywood Community Radio Group.

Hollywood Independent Citizens Comm. of Arts, Sciences and Professions.

Hollywood League for Democratic Action.

Hollywood Theatre Alliance.

Hollywood Writers Mobilization.

Humanist Society of Friends.

Independent Citizens Comm. of Arts, Sciences and Professions.

International Labor Defense.

International Red Aid.

International Workers Order.

Jewish Peoples Committee.

John Reed Clubs.

Joint Committee for Trade Union Rights.

Joint Anti-Fascists Refugee Committee.

League Against War and Fascism.

League for Democratic Action.

League for Peace and Democracy.

League for American Writers.

League for Struggle for Negro Rights.

League of Women Shoppers.

League to Save America First.

Los Angeles County Political Commission.

Los Angeles County Trade Union Commission.

Mooney Defense Commission.

Marine Cooks and Stewards Union.
Maritime Federation of the Pacific.
Mobilization for Democracy.
Motion Picture Cooperative Buyers Guild.
Motion Picture Democratic Committee.
National Citizens Political Action Committee.
National Committee to Abolish the Poll Tax.
National Council on Soviet American Friendship.
National Emergency Conference.
National Federation for Constitutional Liberties.
National Negro Women's Council.
National Negro Congress.
National Students League.
New Masses.
New Theatre League.
North American Commission to Aid Spanish Democracy.
Pen and Hammer Club.
Peoples Council of America.
Peoples Front.
Progressive Comm. to Rebuild the American Labor Party.
Refugee Scholarship and Peace Comm.
Second Annual California Model Legislature.
Simon J. Lubin Society.
Social Problems Club.
Spanish Relief Committee.
Student Rights Assn.
United Farmers League.
United Federal Workers.
Western Workers.
Workers Alliance.
World Committee Against War.
Workers School.
Young Communist League.
The Young Pioneers.