**Willie L. BENDER, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

Civ. A. No. 94–T–657–N.

United States District Court,
M.D. Alabama,
Northern Division.

June 30, 1994.

Order Denying Reconsideration
July 8, 1994.

Willie Troy Massey, W. Troy Massey, P.C., Montgomery, AL, Michael Stephen Harper,

Schmitt & Harper, Tallassee, AL, for Willie L. Bender.

Thomas S. Lawson, Jr., Capell, Howard, Knabe & Cobbs, P.A., Montgomery, AL, Forrest Stephen Latta, Pierce, Carr & Alford, P.C., Mobile, AL, for Prudential Ins. Co. of America and Pruco Life Ins. Co.

Alex L. Holtsford, Jr., Nix, Holtsford & Vercelli, P.C., Montgomery, AL, for James Ward.

## ORDER

MYRON H. THOMPSON, Chief Judge.

Plaintiff Willie L. Bender originally brought this lawsuit in state court charging defendants Providential Insurance Company of America, Pruco Life Insurance Company, and their agent James Ward with five counts of fraud under state law in connection with her purchase of life insurance from them.[1] At the end of her complaint, Bender appended a statement indicating that, should she recover punitive damages, she would also claim that the state's recently enacted statutes restricting her rights to such damages violate not only various provisions of the Alabama Constitution but also the equal protection and due process clauses of the fourteenth amendment to the United States Constitution.[2] Defendants removed this lawsuit from state to federal court under 28 U.S.C.A. §§ 1331, 1441, on the ground that Bender's challenge to the state statutes restricting the right to recover punitive damages raises questions of federal law. This lawsuit is now before the court on Bender's motion to remand. For reasons that follow, the motion will be granted.

Section 1441(a) provides, with exceptions not relevant here, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C.A. § 1447(c) provides, however, that, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." In this case, the propriety of removal turns on whether the case falls within the original "federal question" jurisdiction of this court. Section 1331 provides that, "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

The United States Supreme Court has explained that, "Since the first version of § 1331 was enacted, Act of Mar. 3, 1875, ch. 137, § 1, 18 Stat. 470, the statutory phrase 'arising under the Constitution, laws, or treaties of the United States' has resisted all attempts to frame a single, precise definition for determining which cases fall within, and which cases fall outside, the original jurisdiction of the district court." *Franchise Tax Bd. v. Const. Laborers Vac. Trust*, 463 U.S. 1, 8, 103 S.Ct. 2841, 2845–46, 77 L.Ed.2d 420 (1983). "Especially when considered in light of § 1441's removal jurisdiction," the Court continued, "the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Id.*

However, "One powerful doctrine has emerged[:] the 'well-pleaded complaint' rule." *Franchise Tax Bd.*, 463 U.S. at 9, 103 S.Ct. at 2846. This rule "as a practical matter severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court, thereby avoiding more-or-

---

1. *See* 1975 Code of Ala. §§ 6–5–100 (fraud in general), 6–5–101 (misrepresentation), 6–5–102 (suppression of material fact), 6–5–103 (deceit), 6–5–104 (fraudulent deceit).

2. *See* 1975 Ala.Code §§ 6–11–20 (punitive damages to be awarded only if evidence is clear and convincing), 6–11–21 (punitive damages not to exceed $250,000 except under special circumstances), 6–11–22 (grounds for mistrial if punitive damages limitations mentioned in presence of jury), 6–11–23 (in trial court, no presumption of correctness regarding award of punitive damages, etc.), 6–11–24 (on appeal, no presumption of correctness regarding award of punitive damages, etc.), 6–11–26 (no punitive damages against state or state agency), and 6–11–27 (absent special circumstances, principal, master, etc., not liable for punitive damages for conduct of agent, etc.)

less automatically a number of potentially serious federal-state conflicts." *Id.* Under the well-pleaded complaint rule, whether a case is one arising under the constitution, laws, or treaties of the United States " 'must be determined from what *necessarily* appears in the plaintiff's statement of his own claim in the bill or declaration,' " *id.* (quoting *Taylor v. Anderson*, 234 U.S. 74, 75, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914)), unaided by anything alleged in anticipation of what may occur later in the litigation, such as something "alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Id.* Therefore, although allegations in the plaintiff's complaint may "show that very likely, in the course of litigation, a question under the Constitution would arise," removal is still inappropriate if the allegations "do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution." *Id.* at 10, 103 S.Ct. at 2846–47 (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908)).

The most instructive case on how this court should apply the well-pleaded complaint rule to Bender's complaint is *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936). In *Gully*, the Mississippi tax authorities sued First National Bank claiming that it had breached a contract promising to pay its predecessor corporation's tax liabilities. The trial and lower appellate courts found that removal from state to federal court was appropriate because the state's power to tax upon the shares of the bank had its origin in the provision of a federal statute and that, by necessary implication, the Mississippi tax authorities relied on the statute in suing to enforce the tax. In concluding that removal was not proper, the United States Supreme Court wrote that, "To bring a case within the statute, a right or immunity created by the Constitution or laws of the United States must be an element and an essential one of the plaintiff's cause of action." 299 U.S. at 112, 57 S.Ct. at 97. The Court explained that the controversy between the parties must be "genuine and present" and "not merely a possible or conjectural one," *id.* at 113, 57 S.Ct. at 97–98, it must be "basic"

rather than "collateral," "necessary" rather than "merely possible," *id.* at 118, 57 S.Ct. at 100.

Applying these principles, the Court wrote that, because "Petitioner will have to prove that the state law has been obeyed before the question will be reached whether anything in its provisions or in administrative conduct under it is inconsistent with the federal rule," removal was inappropriate. The Court explained that,

> "If what was done by the taxing officers in levying the tax in suit did not amount in substance under the law of Mississippi to an assessment of the shareholders, but in substance and well as in form was an assessment of the bank alone, the conclusion will be inescapable that there was neither tax nor debt, apart from any barriers that Congress may have built. On the other hand, a finding upon evidence that the Mississippi law has been obeyed may compose the controversy altogether, leaving no room for a contention that the federal law has been infringed."

*Id.* at 117, 57 S.Ct. at 99–100. The court then concluded that, "The most that one can say is that a question of federal law is lurking in the background." *Id.* "A dispute so doubtful and conjectural, so far removed from plain necessity," the Court continued, "is unavailing to extinguish the jurisdiction of the states." *Id.* See also *Franchise Tax Bd.*, 463 U.S. at 13, 103 S.Ct. at 2848 (removal is inappropriate where a "federal law becomes relevant ... only if appellant has made out a valid claim for relief under state law").

Similarly here, Bender "will have to prove that state law has been obeyed before the question will be reached whether anything in its provisions or administrative conduct under it is inconsistent with the federal rule." *Gully*, 299 U.S. at 117, 57 S.Ct. at 99. In other words, Bender will first have to show that the defendants violated Alabama's fraud statutes and that she is entitled to recover punitive damages before the issue will ever arise as to whether the state's restrictions on punitive damages are inconsistent with the United States Constitution.

"The most that one can say is that a question of federal law is lurking in the background." *Id.* Bender's allegations in her complaint that the Alabama statutes restricting the recovery of punitive damages violate federal law are insufficient to support removal based on federal-question jurisdiction.

Accordingly, for the above reasons, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff Willie L. Bender's motion to remand, filed on June 15, 1994, is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for lack of subject-matter jurisdiction.

The clerk of the court is DIRECTED to take the appropriate steps to effect the remand.

### ORDER

This lawsuit is again before the court, this time on a motion to stay and for reconsideration filed by defendants Providential Insurance Company of America, Pruco Life Insurance Company, and their agent James Ward. Defendants take issue with the court's conclusion in its order of June 30, 1994, that, "[plaintiff Willie L.] Bender will first have to show that the defendants violated Alabama's fraud statutes and that she is entitled to recover punitive damages before the issue will ever arise as to whether the state's restrictions on punitive damages are inconsistent with the United States Constitution." Defendants contend that Bender is, instead, attempting to avoid having to make any showing that she is entitled to recover punitive damages. The court cannot agree with defendants. It may be that Bender is attempting to avoid meeting the requirements of Alabama's newly enacted statutes restricting her ability to recover punitive damages. However, because Bender is not automatically entitled to punitive damages, she must still make some colorable showing of entitlement to such damages—at least, under Alabama's law as it existed prior to the new statutes. If, as a matter of law, Bender would not be entitled to punitive damages even in the absence of the new statutes, it would be unnecessary to reach the constitutionality of the new statutes. Indeed, it would be inappropriate to reach their constitutionality. As the Supreme Court has repeatedly instructed, "The best teaching of this Court's experience admonishes us not to entertain constitutional questions in advance of the strictest necessity." *Parker v. County of Los Angeles,* 338 U.S. 327, 333, 70 S.Ct. 161, 163–64, 94 L.Ed. 144 (1949); *see also Poe v. Ullman,* 367 U.S. 497, 503, 81 S.Ct. 1752, 1756, 6 L.Ed.2d 989 (1961). Again, therefore, the most that can be said about Bender's challenge to the constitutionality of these new statutes is that "a question of federal law is lurking in the background." *Gully v. First Nat. Bank in Meridian,* 299 U.S. 109, 117, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936).

Accordingly, it is ORDERED that motion to stay and for reconsideration, filed by defendants Providential Insurance Company of America, Pruco Life Insurance Company, and James Ward on July 1, 1994, is denied.