## THERESA KISH ET AL. *v.* SALO S. COHN ET AL.
### (AC 18382)

O'Connell, C. J., and Foti and Landau, Js.[1]

Argued December 7, 1999—officially released August 8, 2000

*Peter M. Ryan,* for the appellants (plaintiffs).

*Michael P. Sweeney,* with whom, on the brief, was *Robert A. Slavitt,* for the appellees (named defendant et al.).

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*John A. Milici,* for the appellees (defendant Charles C. Slama et al.).

*Opinion*

O'CONNELL, C. J. The plaintiffs[2] appeal from the trial court's judgment rendered following the granting of the defendants'[3] motions to dismiss for lack of subject matter jurisdiction due to the plaintiffs' failure to exhaust their administrative remedies. On appeal, the plaintiffs claim that (1) the court improperly determined that they were required to exhaust their administrative remedies because recourse to the department of environmental protection (department) would be a futile exercise and the procedures available to them are inadequate and (2) General Statutes § 22a-403[4] is unconstitutional on its face and as applied to them. We affirm the judgment of the trial court.

[2] The plaintiffs, owners of real property fronting on a pond located in the city of Norwalk, are Theresa Kish, Benjamin F. VanWormer, Robert M. McAnerney, Patricia R. Wilson, Evelyn Lawrence, Ruth H. Schiffer, William B. McDaniel and Mary S. McDaniel. The plaintiffs have been granted rights to use the pond for various purposes.

[3] The defendants are Salo S. Cohn, Dorothy B. Cohn, Charles C. Slama and Susan J. Slama. The Cohns and the Slamas filed separate motions to dismiss.

[4] General Statutes § 22a-403 (a) provides in relevant part: "Before any person constructs, alters, rebuilds, substantially repairs, adds to, replaces or removes any such structure [dam], such person shall apply to the commissioner for a permit to undertake such work. . . . If the commissioner finds that an application is complete, he shall (1) notify the applicant by certified mail, return receipt requested, of his intent to grant a permit with or without terms and conditions or to deny a permit for such work and (2) publish notice of such intention in a newspaper having a general circulation in the area in which the proposed work will take place or have effect. . . . The commissioner may hold a hearing prior to approving or denying any application if, in his discretion, the public interest will be best served thereby, and he shall hold a hearing if, within thirty days after such notice has been published, he receives a petition requesting such a hearing signed by at least twenty-five persons. Notice of such hearing shall be published at least thirty days before the hearing in a newspaper having a general circulation in the area in which the work will take place or have effect."

The following facts are relevant to this appeal. The defendants own a dam that controls the primary source of water for a pond in which the plaintiffs have recreational rights. In 1994, the department determined that the dam was in need of remedial work,[5] without which it could not withstand a 100 year frequency storm.[6] Pursuant to General Statutes § 22a-402, which in part authorizes the commissioner of environmental protection to require owners of unsafe dams to fix them, and pursuant to a consent agreement dated May 22, 1995, the defendants hired an engineer to prepare plans for the "removal, partial removal or repair of the dam" so that the dam would be strong enough to survive a 100 year frequency storm.

On September 26, 1997, the plaintiffs filed a complaint in the Superior Court naming the owners of the dam as defendants. The complaint alleged that the defendants had threatened either to remove the dam, which would destroy the pond, or to lower the dam, which would substantially reduce the size of the pond, and that under either scenario irreparable damage would likely be caused. Among other relief, they sought an injunction to prevent the defendants from removing or lowering the dam.

On October 27, 1997, the defendants moved to dismiss the action in accordance with Practice Book § 10-30, arguing that the court lacked subject matter jurisdiction because the plaintiffs had failed to exhaust their administrative remedies. On April 1, 1998, the court granted

---

[5] "General Statutes § 22a-401 et seq. gives jurisdiction over the construction and regulation of dams to the commissioner [of environmental protection]. See also Regs., Conn. State Agencies § 22a-39-4.3.a (providing that the commissioner shall exclusively regulate the construction or modification of any dam)." *Samperi* v. *Inland Wetlands Agency*, 226 Conn. 579, 599 n.18, 628 A.2d 1286 (1993).

[6] A 100 year storm occurs when eight inches of rain fall within a twenty-four hour period.

the defendants' motions to dismiss. This appeal followed.

## I

The plaintiffs contend that the court improperly concluded that they had failed to exhaust their administrative remedies before seeking injunctive relief in the trial court. They also claim that the court improperly refused to apply the exceptions to the exhaustion of administrative remedies doctrine for circumstances where recourse to the administrative remedy would be futile or inadequate. We are not persuaded.

"The court's findings of fact are binding on this court unless they are clearly erroneous in light of the evidence and the pleadings in the record as a whole. . . . It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the Superior Court will obtain jurisdiction to act in the matter. . . .

"Although important public policy considerations favor exhaustion of administrative remedies before permitting judicial review, a small number of exceptions are permitted for narrowly defined purposes. One of the limited exceptions to the exhaustion rule arises when recourse to the administrative remedy would be demonstrably futile or inadequate. . . . It is futile to seek an administrative remedy only when such action could not result in a favorable decision and invariably would result in further judicial proceedings." (Citations omitted; internal quotation marks omitted.) *Breiner* v. *State Dental Commission*, 57 Conn. App. 700, 704–705, 750 A.2d 1111 (2000).

## A

As a preliminary matter, we agree with the court's conclusion that the plaintiffs have failed to exhaust their administrative remedies. The court found that "General

Statutes § 22a-403 (a) provides that the commissioner of the [department] may hold a public hearing 'if the public interest will be best served thereby' and must hold a hearing if he receives a petition signed by twenty-five persons requesting a hearing . . . . Thus, the plaintiffs in this case can have a hearing before the [department] either because the commissioner decides to have one or if they precipitate a hearing." The court further found that by following the statutory procedure, "[a] record before the administrative agency charged with regulating dams in this state will thus be developed."

The plaintiffs were fully aware of the events taking place between the defendants and the department regarding the dam. Nevertheless, the plaintiffs did not attempt to trigger a hearing under § 22a-403 by collecting the signatures of twenty-five persons as required by the statute. Completing such a task, although presumably not the plaintiffs' ideal choice, is not an onerous requirement. "The plaintiff's preference for a particular remedy does not determine the adequacy of that remedy. [A]n administrative remedy, in order to be adequate, need not comport with the [plaintiffs'] opinion of what a perfect remedy would be." (Internal quotation marks omitted.) *Breiner* v. *State Dental Commission*, supra, 57 Conn. App. 705. Accordingly, we conclude that the court properly determined that the plaintiffs have not exhausted their administrative remedies.

## B

The plaintiffs next claim that the pursuit of administrative remedies would be an exercise in futility. We reject the plaintiffs' argument that the department's order requiring the defendant to submit to the department a plan for the "removal, partial removal or repair of the dam" would result in a destruction of the pond. Because the "repair of the dam" is one of the possible

options authorized by the department, it is conceivable that the defendants could have a plan approved that merely results in the repair of the dam and that does not affect the pond in any fashion. As the trial court noted: "One does not know at this point either the contents of the defendants' proposals regarding the dam, or the [department's] reaction thereto." Indeed, "a favorable outcome by the administrative adjudication may render judicial intervention unnecessary." Id. We agree with the trial court and conclude that the plaintiffs' pursuit of the administrative remedies available to them would not be an exercise in futility.

C

Finally, we agree with the court that the administrative remedies available to the plaintiff are not inadequate. As noted above, the department may hold a hearing if it deems such a proceeding necessary and, if the department chooses not to hold such hearing, it may be required to do so if the plaintiffs gather the signatures of twenty-five persons as required by § 22a-403. The signatories need not be individuals with any legal or other interest in the subject matter. The statute places no restriction on who may be a signatory. This requirement, which may demand nothing more than standing in a public place collecting signatures for a short period of time, is not so burdensome or uncertain that it constitutes an inadequate procedure for the plaintiffs to follow.

In summary, as the trial court stated: "[T]here has been no showing that recourse to the [department] will be futile, inadequate or definitely unsuccessful." We conclude that the court properly granted the defendants' motions to dismiss on the basis of lack of subject matter jurisdiction.

II

The plaintiffs also contend that § 22a-403 is unconstitutional on its face and as applied to them because it

does not afford the plaintiffs a meaningful hearing within a meaningful time. More specifically, the plaintiffs contend that because a hearing is not mandatory and because there are fewer than twenty-five plaintiffs, there will be a taking of the plaintiffs' property without due process of law if the dam is lowered or removed. We decline to review this claim.

"This court has a basic judicial duty to avoid deciding a constitutional issue if a nonconstitutional ground exists that will dispose of the case. . . . The best teaching of this Court's experience admonishes us not to entertain constitutional questions in advance of the strictest necessity. *Parker* v. *Los Angeles*, 338 U.S. 327, 333, 70 S. Ct. 161, 94 L. Ed. 144 (1949). Appropriate deference to a coordinate branch of government exercising its essential functions demands that we refrain from deciding constitutional challenges to its enactments until the need to do so is plainly evident." (Citations omitted; internal quotation marks omitted.) *Moore* v. *McNamara*, 201 Conn. 16, 20–21, 513 A.2d 660 (1986); see also *Castagno* v. *Wholean*, 239 Conn. 336, 344–45, 684 A.2d 1181 (1996).

"Simply bringing a constitutional challenge to an agency's actions will not necessarily excuse a failure to follow an available statutory appeal process. *Sullivan* v. *State*, 189 Conn. 550, 554, 457 A.2d 304 (1983) . . . . [D]irect adjudication even of constitutional claims is not warranted when the relief sought by a litigant might conceivably have been obtained through an alternative [statutory] procedure . . . which [the litigant] has chosen to ignore." (Citation omitted; internal quotation marks omitted.) *Pet* v. *Dept. of Health Services*, 207 Conn. 346, 354, 542 A.2d 672 (1988).

We find this reasoning compelling in this case. The plaintiffs have not completed the statutory appeal process available to them, and the result of that process

is far from certain. Moreover, the court never discussed this constitutional issue in its memorandum of decision. We therefore decline to review the plaintiffs' constitutional challenge to § 22a-403.

The judgment is affirmed.

In this opinion the other judges concurred.