[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This matter is before the court on the defendant's motion to dismiss the plaintiffs action for a temporary injunction for lack of subject matter jurisdiction. The plaintiff, Wendy Mendlinger, is seeking to enjoin the defendant, the Connecticut State Dental Commission, from continuing any proceedings against her.
The plaintiffs husband was a licensed dentist who operated a dental practice. He died on October 8, 1999. The plaintiff was appointed executrix of her husband's estate by the probate court on December 7, 1999. As executrix, the plaintiff now controls her husband's stock in the dental practice. The defendant issued a notice of hearing and statement of charges against the plaintiff pursuant to General Statutes §§19a-10[1] and 19a-14[2], in which it alleged that the plaintiff is engaged in the ownership and operation of a dental office without being licensed in violation of § 20-122.[3] The defendant alleges that the plaintiff failed to transfer her shares to a licensed dentist within a reasonable time after her husband's death.
In her verified complaint dated February 11, 2002, the plaintiff alleges that she is not in violation of any statute. Further, the plaintiff alleges that the language of §§ 20-122 and 33-182g[4] does not contain a specific time limitation as to the transfer of stock. Thus, the plaintiff alleges that by issuing charges against her, the defendant is acting beyond its statutory authority. As a result of the defendant's alleged actions, the plaintiff is seeking a temporary injunction and alleges that she has no adequate remedy.
On March 4, 2002, pursuant to Practice Book § 10-30, the defendant moved the court to dismiss the plaintiffs action on the ground that the court lacks subject matter jurisdiction as a result of the plaintiffs failure to exhaust her administrative remedies. The defendant filed a memorandum of law in support of its motion. On March 4, 2002, the plaintiff filed a memorandum of law in support of her motion for a temporary injunction and an opposition to the defendant's motion to dismiss.
"Jurisdiction of the subject-matter is the power [of the court] to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Konover v. WestHartford, 242 Conn. 727, 740, 699 A.2d 158 (1997). "[O]nce the question CT Page 3269 of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . ., and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v. Ganim,241 Conn. 546, 552, 698 A.2d 245 (1997). "[T]he exhaustion (of administrative remedies] doctrine implicates subject matter jurisdiction. . . ." (Internal quotation marks omitted.) Fish Unlimitedv. Northeast Utilities Service Co., 254 Conn. 1, 12, 756 A.2d 262
(2000).
The defendant contends that the court lacks subject matter jurisdiction because the plaintiff has failed to exhaust her administrative remedies. The plaintiff argues that the doctrine of exhaustion does not apply. Specifically, the plaintiff contends that the trial court has subject matter jurisdiction because: (1) the defendant's demand that she dispose of her husband's stock usurps the authority of the probate court;[5]
(2) the defendant does not have the authority to interpret or enforce the provisions of § 33-182g; (3) the court is not required to defer to an administrative agency where a legal question (the determination of statutory language) is at issue; and (4) the relief available in an administrative action is an inadequate remedy because it has "a chilling effect on the Estate's ability to continue to maintain a viable practice."[6] (Verified Complaint, ¶ 8.)
The Commissioner's position is very well taken. "[W]hen a party has a statutory right of appeal from the decision of an administrative agency, [it] may not, instead of appealing, bring an independent action to test the very issue which the appeal [is] designed to test" (Internal quotation marks omitted.) Gangemi v. Zoning Board of Appeals,255 Conn. 143, 162, 763 A.2d 1011 (2001). General Statutes § 4-183
(a) provides that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court. . . ." "The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. . . ." (Citation omitted; internal quotation marks omitted.) Hartford v.Hartford Municipal Employees Assn., 259 Conn. 251, 281, 788 A.2d 60
(2002).
The Supreme Court has recognized an exception to the exhaustion requirement "where recourse to the administrative process is futile or provides an inadequate remedy. . . . An administrative remedy is futile or inadequate if the agency lacks authority to grant the requested relief." (Citations omitted.) Payne v. Fairfield Hills Hospital, 215 Conn. 675, CT Page 3270 680 n. 3, 578 A.2d 1025 (1990). That exception is not applicable here.
The plaintiff has an adequate remedy in the administrative hearing before the defendant with available Superior Court review pursuant to § 4-183. Section 19a-12 provides, in relevant part, that "[a]ny person aggrieved by any order or decision of a board of commission . . . may appeal therefrom as provided in section 4-183." The so-called "chilling effect" of being required to submit to the administrative hearing does not deprive he plaintiff of an adequate remedy. A determination by the commission, after a hearing, that the plaintiff is not in violation of any statute would provide the plaintiff with the remedy she seeks. "[T]here has been no showing that recourse to the [commission] will be futile, inadequate or definitely unsuccessful." (Internal quotation marks omitted.) Kish v. Cohn, 59 Conn. App. 236,241, 756 A.2d 313 (2000). Therefore, the hearing before the defendant is an adequate remedy available for the requested relief and is within the defendant's authority to grant.
It would be inappropriate for the court to intervene at this stage. "There are good reasons for requiring that parties exhaust available administrative remedies before seeking judicial review. . . . Foremost among those reasons is the policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions." (Internal quotation marks omitted.) Savoy Laundry, Inc. v. Stratford,32 Conn. App. 636, 641, 630 A.2d 159, cert. denied, 227 Conn. 931,632 A.2d 704 (1993). Furthermore, "[t]he plaintiffs preference for a particular remedy does not determine the adequacy of an administrative remedy. . . ." Id., 642. Should the commission decide that the plaintiff is in violation of the law, the plaintiff may then seek redress in the court system pursuant to § 4-183.
It is unnecessary for the court to intervene at this stage. A favorable outcome by the agency's adjudication may render judicial intervention unnecessary. The court should refrain from "prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition. . . ." (Internal quotation marks omitted.)Hartford v. Hartford Municipal Employees Assn., supra, 259 Conn. 281. Accordingly, since the plaintiff has failed to exhaust her administrative remedies and there is no showing that the administrative remedy would be inadequate or futile, it is submitted that the court lacks subject matter jurisdiction.
For the reasons stated above, the court grants the defendant's motion to dismiss the action for lack of subject matter jurisdiction CT Page 3271
 ______________________________ BRYANT, J.