832 So.2d 1172 (2002)
PLAINVIEW AREA ASSOCIATION, INC.
v.
STATE of Louisiana, DEPT. OF TRANSPORTATION AND DEVELOPMENT.
No. 02-0503.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
*1173 James Edward Hopkins, Sulphur, LA, for Plaintiff/Appellee, Plainview Area Association, Inc.
James McCaleb Bookter, Baton Rouge, LA, for Defendant/Appellant/Exceptor, State of LA, Thru the DOTD.
Court composed of NED E. DOUCET, JR., Chief Judge, MICHAEL G. SULLIVAN and GLENN B. GREMILLION, Judges.
GREMILLION, Judge.
The defendant, the State of Louisiana, through the Department of Transportation and Development, appeals the judgment of the trial court in favor of the plaintiffs, Plainview Area Association, Inc. (Association), Floy Stokes, Emma Lee Gass, Joseph L. Chance, and Billy E. Dowden, ordering the State to maintain the Hornbeck-Plainview Road. For the following reasons, we set aside the judgment of the trial court and remand with instructions.

FACTS
On August 7, 1995, the Association filed a Petition to Enforce Contract and for Damages for Breach of Contract, naming as defendant the State and the Department of Transportation and Development (DOTD).[1] The petition seeks the enforcement of two contracts entered into by the State and the abutting land owners in 1958, for the construction, improvement, and maintenance of the Hornbeck-Plainview Road located in the Parishes of Vernon and Sabine, Louisiana. The State obtained right-of-way agreements from the land owners, which were filed in the Sabine Parish Clerk's Office on December 22, 1958, and in the Vernon Parish Clerk's Office on December 30, 1958. The road was completed by DOTD in 1960, after which it performed an overlay of the road in 1976. However, no maintenance of the road has been performed since that time. When DOTD was contacted by residents living along the road in 1993, it informed them that the Hornbeck-Plainview Road was a parish road and that La.R.S. 48:756 rendered it unlawful for DOTD to perform maintenance on the road since it was not a part of the state highway system.
This matter was tried based on a joint stipulation of facts and on the briefs submitted by the parties. Thereafter, the trial court issued a judgment in favor of the Association and the original landowners, finding that DOTD was responsible for maintaining the Hornbeck-Plainview Road. Following a request for written reasons by the Association, the trial court *1174 issued a Findings of Fact and Reasons for Judgment stating that the findings of fact were in accordance with the stipulated facts introduced into the record. It further adopted the Association's brief as its reasons for judgment. Additionally, the trial court noted that the DOTD's action in performing work on the road in 1976, after the passage of La.R.S. 48:756, supported the Association's claim that the Hornbeck-Plainview Road was still part of the public road system despite DOTD's claims to the contrary. This appeal by DOTD followed.

ISSUES
On appeal, DOTD raises five assignments of error. Essentially, it argues that the trial court erred in finding that the right-of-way agreements between the State and the Association were valid and enforceable, that the Hornbeck-Plainview Road was part of the state highway system, and that La.R.S. 48:757 was inapplicable to the facts at hand. DOTD has also filed a peremptory exception of prescription, which has been referred to the merits of this appeal. We will address this issue first.

PRESCRIPTION
DOTD argues that the Association's contractual claim has prescribed pursuant to La.Civ.Code art. 3499, since the right-of-way agreements were executed in 1958 and the Association's suit was filed in 1995. Article 3499 provides a ten year liberative prescriptive period for actions based on personal actions. However, the ten year prescriptive period for contracts does not begin running until the date the contract is allegedly breached. Dauterive Contractors, Inc. v. Landry and Watkins, 01-1112 (La.App. 3 Cir. 3/13/02), 811 So.2d 1242. In this instance, the only evidence that the contracts at issue were breached is the refusal of DOTD to perform the requested maintenance on the Hornbeck-Plainview Road in 1993. This suit was filed on August 7, 1995. Accordingly, we find that the Association's suit was filed timely. DOTD's peremptory exception of prescription is denied.

RIGHT-OF-WAY AGREEMENT
In its first assignment of error, DOTD argues that the trial court erred in finding that the right-of-way agreements between it and the Association continue to be valid and enforceable, especially in view of the passage of La.R.S. 48:757 and Article 7 § 27 of the Louisiana Constitution.
In 1974, the legislature enacted La.R.S. 48:756, which stated:
The state department of highways shall perform no work on the parish road system or on any other roads or streets which are not in the state highways system, whether such work is construction or maintenance and whether the work is done at the expense of the state or the expense of the governing authority of the parishes; except that in parishes whose population is 40,000 persons or less the department of highways may provide engineering services for a period not to exceed two years from the effective date of this act when, in the opinion of the director, personnel are available to perform such services. In an emergency as found and declared by the governor, the governor may expend state funds on parish roads. Any project that has been approved by the Director of the Department of Highways before the effective date of this act, not in the state highway system, may be completed.
In 1990, La.R.S. 48:756 was amended and redesignated, "La.R.S. 48:757. Off-system *1175 work; prohibitions; exceptions." The amended statute provides:
A. (1) The Department of Transportation and Development shall perform no work on the parish road system or on any other roads or streets which are not in the state highway system, whether such work is construction or maintenance and whether the work is done at the expense of the state or at the expense of the governing authority of the parishes, except in the following circumstances:
(a) The department shall construct, maintain, and improve roads, whether hard surfaced or otherwise, within state parks and state historic sites as defined in R.S. 56:1684, and connect such sites with existing highways.
(b) The department is authorized to perform work on any off-system bridge which is included as a TIMED project within the provisions of R.S. 47:820.2(B)(1)(b).
(c) The department is authorized to perform work on intersectional improvements on parish roads or municipal streets and to perform work on parish roads or municipal streets for purposes of operational or safety reasons when the parish road or municipal street intersects with a state highway which is programmed for improvement or construction; however, the distance of such off-system work shall conform to AASHTO design standards as adopted pursuant to R.S. 48:35.
(2) Any construction project undertaken by the department as provided in this Subsection shall be in accordance with the provisions of Subpart A of Part XIII of Chapter 1 of this Title.
B. In an emergency as found and declared by the governor, the governor may expend state funds on parish roads. However, the department may stripe parish roads upon the request of any parish, which the parish bearing the cost of said striping, when in the opinion of the secretary or his designee surplus manpower and equipment are available and the purchase of new equipment is not required.
C. In addition, in instances in which the federal government has established programs pertaining to off-system construction, maintenance, or improvement, the department may participate in said projects and provide necessary matching funds including but not limited to monies in the Transportation Trust Fund. Funding for programs under the provisions of this Subsection shall be subject to the availability and appropriation of funds in excess of the total funds appropriated for the Parish Transportation Fund in Fiscal Year 1994-1995.
In addition to this statute, Article 7 § 27 of the Louisiana Constitution, created the Transportation Trust Fund, which became effective on January 1, 1990. Section 27(B) provides in part that the monies located in the Transportation Trust Fund:
[S]hall be appropriated or dedicated solely and exclusively for the costs for and associated with construction and maintenance of the roads and bridges of the state and federal highway systems, the Statewide Flood-Control Program or its successor, ports, airports, transit, state police for traffic control purposes, and the Parish Transportation Fund or its successor and for the payment of all principal, interest, premium, if any, and other obligations incident to the issuance, security, and payment in respect of bonds or other obligations payable from the trust fund as authorized in Paragraph (D) hereof.
*1176 DOTD argues that the right-of-way agreements are no longer enforceable because the cause of the 1958 contracts has become illegal due to the passage of the aforementioned statute and constitutional article, which rendered the contracts subject to a resolutory condition. However, we feel that there is a question as to whether the passage of the now designated La.R.S. 48:757 and Article 7 § 27 violates the contract clause found in Article I, § 10 of the United States Constitution and Article 1, § 23 of the Louisiana Constitution. Article I, § 10(1) provides that, "No State shall ... pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligations of Contracts." Article 1, § 23 provides, "No bill of attainder, ex post facto law, or law impairing the obligation of contracts shall be enacted."
In United States Trust Co. of New York v. New Jersey, 431 U.S. 1, 97 S.Ct. 1505, 52 L.Ed.2d 92 (1977), the United States Supreme Court held that a state could not subsequently modify its own financial obligations through the passage of legislation unless the legislation was found to be reasonable and necessary in the furtherance of an important public purpose. The Court further stated that, in instances when a State's financial obligations are at stake, "complete deference to a legislative assessment of reasonableness and necessity is not appropriate," as it is in instances involving private contracts. Id. at 26, 1519, 97 S.Ct. 1505.
The application of the contract clause to this matter was not addressed by either the parties or the trial court. Accordingly, we remand this matter to the trial court for a determination of whether the passage of La.R.S. 48:757 and Article 7 § 27 impaired the contractual relations of the Association and DOTD, and, if so, whether the passage of the statute and the constitutional article were reasonable and necessary in the furtherance of an important public purpose.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and this matter is remanded for further proceedings, in accordance with this opinion. The costs of this appeal are held in abeyance pending the decision of the trial court.
SET ASIDE AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Floy, Gass, Chance, and Dowden were added as plaintiffs in this matter in the Association's First Supplemental and Amending Petition to Enforce Contract and for Damages for Breach of Contract.