900 So.2d 837 (2005)
PLAINVIEW AREA ASSOCIATION, et al.
v.
The STATE of Louisiana, et al.
No. 2005-CA-0791.
Supreme Court of Louisiana.
April 29, 2005.
PER CURIAM.
This appeal arises from a suit against the State of Louisiana, through the Department of Transportation and Development ("DOTD"), seeking the enforcement of two contracts entered into by the State and the abutting land owners in 1958, for the construction, improvement, and maintenance *838 of Hornbeck-Plainview Road located in the Parishes of Vernon and Sabine, Louisiana. The road was completed by DOTD in 1960, after which it performed an overlay of the road in 1976. However, no maintenance of the road has been performed since that time. DOTD took the position that under La. Const. art. VII, § 27 and La. R.S. 48:757, it was unlawful for DOTD to perform maintenance on the road since it was not a part of the state highway system.
This matter was tried based on a joint stipulation of facts and on the briefs submitted by the parties. Thereafter, the trial court issued a judgment in favor of the Association and the original landowners, finding that DOTD was responsible for maintaining the Hornbeck-Plainview Road. The trial court noted that the DOTD's action in performing work on the road in 1976, after the passage of La.R.S. 48:756, supported plaintiffs' claim that the Hornbeck-Plainview Road was still part of the public road system despite DOTD's claims to the contrary.
DOTD appealed. Without addressing the trial court's factual finding that Hornbeck-Plainview Road was part of the public road system, the court of appeal remanded the case to the trial court for a determination of whether La. R.S. 48:757 and Article VII, § 27 impaired the contractual relations of the parties and, if so, whether the passage of the statute and the constitutional article were reasonable and necessary in the furtherance of an important public purpose. Plainview Area Association, Inc. v. State of Louisiana, 02-0503 (La.App. 3 Cir. 12/11/02), 832 So.2d 1172.
On remand, the parties submitted the matter on briefs. The trial court rendered judgment holding "the passage of Article 7, Section 27 of the Louisiana Constitution and the enactment of LSA-R.S. 48:757 impair the contract between the parties hereto and that application to their contract unconstitutionally impairs the contractual obligations existing between the parties."
DOTD appealed this judgment to the court of appeal. The court of appeal transferred the case to this court, on the ground that appellate jurisdiction vested in this court pursuant to La. Const. art. V, § 5(D) because the trial court declared a law unconstitutional.
Pretermitting the merits, we find the court of appeal erred in remanding this case to the trial court for consideration of the constitutional issues. In Cat's Meow v. City of New Orleans, 98-0601 (La.10/20/98), 720 So.2d 1186, this court explained that courts should refrain from reaching constitutionality of legislation unless the issue is essential to the case or controversy:
We have consistently held that courts should refrain from reaching or determining the constitutionality of legislation unless, in the context of a particular case, the resolution of this is essential to the decision of the case or controversy. See Louisiana Associated Gen. Contractors, Inc. v. New Orleans Aviation Bd., 97-0752 (La.10/31/97), 701 So.2d 130; Cameron Parish Sch. Bd. v. Acands, Inc., 96-0895 (La.1/14/97), 687 So.2d 84; White v. West Carroll Hosp., Inc., 613 So.2d 150 (La.1992). Further, our jurisprudence has resolved that the practice of courts is "never to anticipate a question of constitutional law in advance of the necessity of deciding it." Matherne v. Gray Ins. Co., 95-0975 (La.10/16/95), 661 So.2d 432, 434. Hence, courts should avoid constitutional rulings when the case can be disposed of on nonconstitutional grounds or basis. Blanchard v. State, 96-0053 (La.5/21/96), 673 So.2d 1000; Communist Party of U.S. v. Subversive *839 Activities Control Bd., 367 U.S. 1, 81 S.Ct. 1357, 6 L.Ed.2d 625 (1961) (citing Liverpool, New York & Philadelphia S.S. Co. v. Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885)). This principle is based, in part, upon the realization that, "by the very nature of the judicial process, courts can most wisely determine issues precisely defined by the confining circumstances of particular situations." See Parker v. County of Los Angeles, 338 U.S. 327, 70 S.Ct. 161, 94 L.Ed. 144 (1949).
In the instant case, if the court of appeal found the trial court's factual finding that Hornbeck-Plainview Road was within the public road system was supported by the record, there would have been no need to reach the constitutional issues. Therefore, we believe the court of appeal acted prematurely in remanding the case to the trial court for consideration of the constitutional issues.[1]
Accordingly, the judgment of the trial court on remand is vacated and set aside. The case is remanded to the court of appeal to address the merits of DOTD's appeal taken from the trial court's original judgment.
KIMBALL, J., dissents and would docket the case as an appeal.
NOTES
[1] Should the court of appeal ultimately reverse the trial court's factual finding, it may not raise the issue of constitutionality on its own, but may remand the case to allow the plaintiffs to specially plead this issue in accordance with the requirements of Vallo v. Gayle Oil Company, Inc., 94-1238 (La.11/30/94), 646 So.2d 859.