# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## CA 04-1221


**PLAINVIEW AREA ASSOCIATION, INC., ET AL.**

**VERSUS**

**STATE OF LOUISIANA, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
ELEVENTH JUDICIAL DISTRICT COURT
PARISH OF SABINE, NO. 48,239
HONORABLE ROBERT EDWARD BURGESS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Marc T. Amy, and Michael G. Sullivan, Judges.


**REVERSED AND REMANDED.**

**James McCaleb Bookter**
**Attorney at Law**
**P. O. Box 94245**
**Baton Rouge, LA 70804**
**(225) 237-1336**
**Counsel for: Defendant/Appellant:**
**State Of Louisiana, Thru The DOTD**

**James Edward Hopkins**
**Attorney at Law**
**208 E. Napoleon St.**
**Sulphur, LA 70663**
**(337) 527-7071**
**Counsel for: Plaintiff/Appellee**
**Plainview Area Association, Inc.**

**SAUNDERS, J.**

This case arises from a dispute over who is responsible for the maintenance of the Hornbeck-Plainview road. The road has never been a part of the state highway system and was constructed before the enactment of Article 7, Section 27 of the Louisiana Constitution and La.R.S. 48:757. Defendants argue that they are no longer responsible for the road's maintenance because the parishes through which the road travels assumed responsibility for its maintenance and because La.Const. Art. 4, §27 and La.R.S. 48:757, enacted after the construction of the road and assumption of responsibility by the parishes, prohibit the expenditure of state funds on roads that are not part of the state highway system. Plaintiffs claim that defendants are responsible for the road according to an agreement entered into just before its construction and that Article 7, Section 27 of the Louisiana Constitution, and La.R.S. 48:757 unconstitutionally impair those obligations.

## FACTS

The relevant facts have been stipulated to by the parties. Upon request, Governor Earl K. Long agreed to construct the Plainview road in Vernon Parish. Rights of way in favor of the State of Louisiana and the former Department of Highways (hereinafter collectively referred to as "State") were obtained in 1958 for the construction, improvement, and maintenance of the highway designated as "State Route No. Hornbeck-Plainview Road." Construction of the roadway was completed in 1960. Thereafter, Sabine and Vernon Parishes, the two parishes through which the road travels, assumed responsibility for the maintenance of the portions of the road located in each parish.

In 1993, deterioration of the road began to cause concern among the citizens

living along it. They met and eventually contacted the DOTD and asked that the road be repaired. DOTD refused claiming that La.R.S. 48:757, enacted in 1974, prohibited the use of State funds to perform work on any road that is not part of the state highway system. Because the Hornbeck-Plainview road is not a part of the State Highway System, DOTD argued that the requested maintenance was unlawful.

**PROCEDURAL HISTORY**

Plaintiffs filed suit seeking to force the state of Louisiana, through the DOTD, to maintain the Hornbeck-Plainview road. Judgment, requiring defendants to maintain the road, was rendered on March 28, 2002. Defendants appealed the judgment and filed an exception of prescription. This court denied the exception, vacated the judgment, and remanded the matter instructing the trial court to determine whether the enactment of La.Const. Art. 4, §27 and La.R.S. 48:757 "impaired the contractual relations of the Association and DOTD, and, if so, whether the passage of the statute and constitutional article were reasonable and necessary in the furtherance of an important public purpose." On remand, the parties submitted the matter on briefs and the facts as previously stipulated. *Plainview Area Ass'n, Inc. V. State of Louisiana, Dep't of Transp. and Dev.*, 02-503, p. 6 (La.App. 3 Cir. 12/11/02), 832 So.2d 1172, 1176. The trial court ruled in favor of plaintiffs finding the 1958 agreement between the parties was binding, that the passage of the above cited legislation unconstitutionally impaired that agreement, and that application of that legislation to the agreement was constitutionally prohibited. Defendants then filed this suspensive appeal. At oral argument we gave the parties additional time to brief the issue of whether this court had jurisdiction to hear this dispute in light of the trial

court's finding that the relevant article and statute are unconstitutional as applied to plaintiffs.

After considering those arguments, we transferred the matter to the supreme court finding that a substantive declaration of unconstitutionality gave that court jurisdiction over this case. On transfer, the supreme court vacated the trial court's judgment on remand and remanded the case to us to rule upon the merits of DOTD's appeal from the original trial court judgment.

**DISCUSSION**

Appellant argues that the trial court erred in concluding the road at issue is part of the state highway system. We agree that the trial court erred in finding that the Plainview road is part of the state highway system. We first note that this road has never been assigned a state highway number nor is it referenced by La.R.S. 48:191, which establishes the state highway system. Furthermore, plaintiff conceded at oral argument that the road is not part of the state highway system. Accordingly, we reverse the trial court's judgment in this regard and find that the Plainview road is not part of the state highway system.

This finding makes the constitutionality issue determinative of the instant matter. Because we may not address the constitutionality issue on our own, we remand the case to the trial court so that plaintiff may specifically plead the issue in accordance with *Vallo v. Gayle Oil Co., Inc.*, 94-1238 (La. 11/30/94), 646 So.2d 859.

**CONCLUSION**

The judgment of the trial court is reversed and the case is remanded for additional pleadings regarding the constitutionality issue. Costs are held in abeyance

pending resolution of the matter.

**REVERSED AND REMANDED.**